1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLOTTA DOUGLASS,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ENHANCED RECOVERY COMPANY, LLC.;** and **EQUIFAX INFORMATION SERVICES, LLC.,**<br><br>Defendants. | **Case No.:** 5:17-cv-1908<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.;**<br><br>**2.) THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785, ET SEQ.;**<br><br>**3.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, CARLOTTA DOUGLASS, ("Plaintiff") is a victim of identity theft. Sometime before September of 2017, an unknown and unauthorized individual used Plaintiff's information to open a Direct TV account, resulting in an alleged debt in Plaintiff's name in the amount of $634 (the "Debt").

2. Between late 2015 and early 2016, ERC called Plaintiff numerous times attempting to collect on the fraudulent Debt. Plaintiff disputed the fraudulent account and informed ERC that she did not incur the Debt and that she was a victim of identity theft.

3. Nonetheless, ERC reported the fraudulent Debt to multiple credit reporting agencies, despite the fact Plaintiff does not, and has never, owed the Debt.

4. Plaintiff brings this lawsuit to challenge the actions of Defendants, ENHANCED RECOVERY COMPANY, LLC., ("ERC"), and EQUIFAX INFORMATION SERVICES, LLC., ("EQUIFAX", or collectively "Defendants") with regard to Defendants' unlawful debt collection practices and reporting of erroneous and derogatory information on Plaintiff's consumer credit report in violation of: (i) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq.*; (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq.*; and (iii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C § 1692, *et seq.*

5. Defendants' actions described herein have caused damage to Plaintiff's credit score, credit worthiness, credit standing, and credit capacity. As a result of Defendants' conduct, Plaintiff has suffered damages by mental and emotional pain and anguish, and humiliation and embarrassment. Plaintiff has further spent several hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory reporting, without success.

///

///

6.  Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

7.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

8.  Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

9.  Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

10. At all times relevant, Plaintiff was an individual residing within the State of California.

11. Any correspondence from Defendants was sent to Plaintiff at an address located within the State of California using U.S. Mail.

## JURISDICTION AND VENUE

12. This action arises out of Defendants' violations of: (i) The Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681, *et seq*.; (ii) The California Consumer Credit Reporting Agencies Act, ("CCRAA") Cal. Civ. Code § 1785, *et seq*.; and (iii) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C § 1692, *et seq.*

13. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

14. The Court has personal jurisdiction over Defendants as they conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

///

15. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

### PARTIES

16. Plaintiff, CARLOTTA DOUGLASS ("Plaintiff"), is a natural person who resides in the City of Victorville, County of San Bernardino, State of California.

17. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b), from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff.

18. Defendant, ENHANCED RECOVERY COMPANY, LLC., ("ERC") is a Florida limited liability company.

19. ERC in the ordinary course of business, uses U.S. Mail and/or the instrumentalities of interstate commerce to carry out their principle business purpose which is the collection of debts.

20. ERC, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they were acquired and/or assigned to ERC.

21. ERC regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about ERC's transactions or experiences with consumers and therefore is regulated as a "furnish[er]" under 15 U.S.C. §1681s-2(a) and Cal. Civ. Code § 1785.25(a).

22. ERC is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

23. Defendant, EQUIFAX INFORMATION SERIVCES, LLC., ("EQUIFAX") is a Georgia limited liability company.

24. EQUIFAX regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d) (collectively referred to as "credit reporting agency" or "consumer reporting agency" or "consumer credit reporting agency").

25. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, services, or their equivalent, was primarily for personal, family, or household purposes. As such, this action arises out of a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

26. The causes of action stated herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendants to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code § 1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

///

///

## GENERAL FACTUAL ALLEGATIONS

27. Sometime before September of 2017, an unknown and unauthorized individual used Plaintiff's information to open a Direct TV account, Account No. 5934-x, resulting in an alleged debt in Plaintiff's name in the amount of $634 (the "Debt").

28. Plaintiff did not, and has never, opened a Direct TV account, nor has Plaintiff incurred any underlying debt with Direct TV, its agents, or its successors in interest.

## FACTUAL ALLEGATIONS PERTAINING TO
## ERC

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Between late 2015 and early 2016, ERC called Plaintiff numerous times and demanded payment on the fraudulent Debt.

31. During these calls, Plaintiff disputed the validity of the Debt on the basis of fraud and identity theft, and informed ERC that the Debt did not belong to her.

32. In or around September of 2017, Plaintiff filed for Chapter 7 Bankruptcy.

33. Through preparing her bankruptcy petition, Plaintiff learned that ERC was reporting the Debt on her credit report.

34. In September of 2017, and continuing through the date of this filing, ERC reported inaccurate information regarding the Debt to "consumer credit reporting agencies" as that term is defined by Cal. Civ. Code § 1785.3(d).

35. Specifically, ERC furnished information on Plaintiff's credit report that the Debt was "in collection" with a past due balance of $634.

36. ERC reported this information twice to EQUIFAX, with the same account number and balance.

///

///

37. ERC's double-reporting of the same Debt resulted in an inaccurate representation that Plaintiff had defaulted and owed two accounts, damaging Plaintiff's credit worthiness and credit score.

38. This information is false, incomplete, and/or inaccurate as Plaintiff did not incur and does not owe the Debt as it is the product of fraud and identity theft. This information is also false, incomplete, and/or inaccurate as the same Debt was reported twice as if it were two separate debts.

39. ERC knew, or should have known, the information they furnished was false, incomplete, and/or inaccurate as: (i) Plaintiff disputed the Debt on the basis of fraud and identity theft with ERC; (ii) ERC reported the Debt as "in dispute"; and (iii) ERC reported the same account twice, with the knowledge there was only one Debt.

40. Through this conduct, ERC violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and/or misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; and (iii) 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

41. Through this conduct, ERC also violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer credit reporting agencies that ERC knew or should have known was inaccurate and/or incomplete.

## FACTUAL ALLEGATIONS PERTAINING TO EQUIFAX

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. On September 14, 2017, EQUIFAX prepared Plaintiff's credit report.

44. On Plaintiff's September 14, 2017 credit report, EQUIFAX reported the fraudulent Debt, twice.

45.   EQUIFAX allowed the same Debt to be reported twice, with the same account number and balance due, and then published that inaccurate information in Plaintiff's credit report.

46.   By allowing the double-reporting of the same Debt, EQUIFAX's conduct resulted in an inaccurate representation that Plaintiff had defaulted and owed two accounts, damaging Plaintiff's credit worthiness and credit score.

47.   Through this conduct, EQUIFAX violated 15 U.S.C. § 1681e(b) by failing to maintain procedures to assure maximum possible accuracy of the information contained in Plaintiff's credit report.

## FIRST CAUSE OF ACTION FOR WILLFUL VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA")
## 15 U.S.C. § 1681, ET SEQ.
### [AGAINST EQUIFAX]

48.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

50.   As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or statutory damages of not less than $100.00 and not more than $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

///

///

///

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE FAIR CREDIT REPORTING ACT ("FCRA") 15 U.S.C. § 1681, ET SEQ.

### [AGAINST EQUIFAX]

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of 15 U.S.C. § 1681, *et seq.*

53. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCRAA") CAL. CIV. CODE § 1785.25(A)

### [AGAINST ERC]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions constitute numerous and multiple violations of the CCRAA.

56. In the regular course of its business operations, Defendant routinely furnishes information to consumer credit reporting agencies pertaining to transactions between Defendant and consumers, so as to provide information to a consumers' credit worthiness, credit standing, and credit capacity.

57. The causes of action stated herein pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(c), in that inaccurate credit information was furnished by Defendant to a "consumer credit reporting agency," as that term is defined by Cal. Civ. Code §

1785.3(d), regarding specific transactions and/or experiences pertaining to Plaintiff and Plaintiff's credit worthiness, credit standing, and credit capacity. Such credit information was used or was expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

58. Because Defendant is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if Defendant knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

59. The forgoing conduct caused Plaintiff damages including, but not limited to, loss of credit worthiness, credit standing, credit capacity, reduction of credit score, emotional distress and economic loss, incurred by Defendant's erroneous credit reporting.

## FOURTH CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692, ET SEQ.
### [AGAINST ERC]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. §

1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendant's willful violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, or statutory damages of not less than $100 and not more than $1,000, from each Defendant, pursuant to 15 U.S.C. § 1681n(a)(1)(A); an award of punitive damages, as the Court may allow, pursuant to 15 U.S.C. 1681n(a)(3); and an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3);

- As a result of Defendant's negligent violations of 15 U.S.C. § 1681, *et seq*., an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681o(a)(1); and an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(1);

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a) and 1785.31(a)(2)(A);

- An award of statutory damages of $5,000.00 per violation, pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1785.31(a)(1) and 1785.31(a)(2)(A);

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection and credit reporting practices stated herein; and
- Any and all other relief that this Court deems just and proper.

Dated: September 18, 2017                    Respectfully submitted,

                                             **SINNETT LAW, APC.**

                                             BY: /s/ WAYNE A. SINNETT
                                             WAYNE A. SINNETT, ESQ.
                                             ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

63.   Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 18, 2017                    Respectfully submitted,

                                             **SINNETT LAW, APC.**

                                             BY: /s/ WAYNE A. SINNETT
                                             WAYNE A. SINNETT, ESQ.
                                             ATTORNEY FOR PLAINTIFF